UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>THEODORE HAROLD EDWARD BOBO, JR.,<br><br>Defendant. | Case No. 23-CR-151 (SRN/TNL)<br><br>**ORDER** |

Joseph S. Teirab, Department of Justice - United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

William J. Mauzy, Mauzy Law Office, P.A., 650 Third Avenue South, Suite 260, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Defendant's Motion for Reconsideration of Detention [Doc. No. 44]. The parties appeared before the Court for a hearing on September 12, 2012. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully **DENIES** the Defendant's Motion.

**I.   BACKGROUND**

Defendant Theodore Harold Edward Bobo. Jr. ("Mr. Bobo") is charged by indictment with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession

1

of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). (Indictment [Doc. No. 1].)

On May 15, 2023, the parties appeared before the Honorable Dulce J. Foster, United States Magistrate Judge, for a hearing on Mr. Bobo's pre-trial detention. At the hearing, the Government moved to admit five exhibits, and they were received without objection for the limited purpose of the detention hearing. (Tr. [Doc. No.31] at 4–5.) The exhibits provided photos, police reports, and lab reports regarding an incident on August 31, 2021, an incident on November 10, 2022, and an incident occurring on March 26, 2020. *Id*. Magistrate Judge Foster also received testimony from Mr. Bobo's mother during the hearing. Based on the evidence received and the arguments of counsel, Magistrate Judge Foster ordered that Mr. Bobo be detained. (Det. Order [Doc. No. 28].) During the hearing, Magistrate Judge Foster explained that she found the Government had not met its burden of showing that Mr. Bobo is a flight risk by a preponderance of the evidence. (Tr. at 29.) However, Magistrate Judge Foster found that the Government did meet its burden of showing by clear and convincing evidence that Mr. Bobo would be a danger to another person or the community. *Id*.

At the hearing before this Court, the Court received one additional exhibit (Defense Exhibit E, an affidavit regarding data underlying a search warrant in this matter) without objection, and the parties argued to the Court as to the appropriateness of continued detention based on the evidence in the record. The following facts, already in the record and established at the initial detention hearing through Mr. Bobo's mother's testimony and the Government's proffered exhibits, were emphasized:

Mr. Bobo is paraplegic, paralyzed from the waist down, and has no ability to move his legs on his own. Due to his condition, Mr. Bobo is confined to a wheelchair. Mr. Bobo requires daily care, and has difficulty getting into and out of bed and using the bathroom without assistance. Mr. Bobo lives with his mother, who helps to care for him, and also receives care from a personal care assistant (PCA). Mr. Bobo has been appearing on charges stemming from the underlying conduct in this case in state court since August 2021, and has made every court appearance so far.

The conduct underlying the offenses charged occurred on August 21, 2021. On that day, Mr. Bobo was under surveillance by state law enforcement, who observed Mr. Bobo in the passenger seat of a vehicle driven by a Ms. Hayes. Law enforcement officers executed a stop of the vehicle, and as they approached, they observed Mr. Bobo throw a bag from the passenger seat into the back of the vehicle. The officers conducted a search and found a firearm, which was later shown to have both Ms. Hayes' and Mr. Bobo's DNA on it, in the center console within grabbing distance of Mr. Bobo. The officers retrieved from the back of the vehicle approximately 58 grams of narcotics, primarily powder cocaine but also including fentanyl pills, crack cocaine, and MDMA. The officers found $800.00 in cash on Mr. Bobo's person. The officers observed an eighteen-month-old child in the back seat of the vehicle.

Mr. Bobo's counsel argued for Mr. Bobo's release, given that he is not a flight risk. Counsel for Mr. Bobo further argued that detention at the Sherburne County jail is particularly difficult for Mr. Bobo given his paraplegia, and requested that the Court

3

impose any condition or placement alternative to a detention center. The Government opposed Mr. Bobo's motion and requested continued detention.

## II.   DISCUSSION

The Court reviews the detention orders of a magistrate judge *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985); *United States v. Redding*, 22-cr-260, 2022 WL 9382626, at *1 (D. Minn. Oct. 14, 2022). A defendant will be subject to pre-trial detention only if the Government shows "by a preponderance of the evidence that no condition or set of conditions will reasonably assure the defendant's appearance" and "by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)) (emphasis removed). In determining whether release conditions exist that will reasonably assure the defendant's appearance at trial and the safety of the community, the Court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger to the community or to an individual. *Id*.

"Where there is probable cause to believe the accused committed a drug offense carrying a minimum term of imprisonment of at least ten years, as in this case, a rebuttable presumption arises that no conditions of release will be sufficient to reasonable assure the accused will not flee or commit further offenses." *United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *see* 18 U.S.C. § 3142(e). To rebut the presumption, the defendant bears a limited burden of production to come forward with evidence that they do not pose

a danger to the community or risk of flight. *Abad*, 350 F.3d at 797. Once a defendant has met that burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*.

Here, the Court finds that Mr. Bobo does not pose a risk of flight. Despite his medical condition, Mr. Bobo appears to have made every court appearance required while out of detention in his state court proceedings, and there is no evidence to suggest he would not continue to do so in this matter. The Court agrees with Magistrate Judge Foster that the Government has failed to meet its burden of demonstrating by a preponderance of the evidence that Mr. Bobo poses a flight risk.

The remainder of the Court's analysis rests on the question of whether Mr. Bobo poses a danger to the community. *See Abad*, 350 F.3d at 797. The Court finds that on this question, the Government demonstrated by clear and convincing evidence that no set of conditions will reasonably assure the safety of the community from Mr. Bobo. While the Court is sympathetic to Mr. Bobo's medical condition, the Court notes that the condition has not kept him from taking part in drug dealing. The drugs involved in this transaction, fentanyl in particular, present a great danger to the community in any amount, and possession of a firearm during a drug transaction only furthers that danger. The Court also notes that Mr. Bobo has a history of unlawful gun possession cases, suggesting a pattern of dangerous behavior. Most concerning of all, Mr. Bobo is alleged during this incident to have been drug dealing with a firearm in the presence of an eighteen-month-old child, and to have thrown the drugs past the child into the back of the vehicle in the presence of law

enforcement. These facts together present clear and convincing evidence of dangerousness, such that no set of pre-trial release conditions will reasonably assure the safety of the community. The Court again agrees with Magistrate Judge Foster that the Government has met its burden here, and orders that Mr. Bobo remain in pre-trial detention.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of Detention [Doc. No. 44] is respectfully **DENIED**.

**IT IS SO ORDERED.**

Dated: September 13, 2023                     /s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge