# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Theodore Harold Edward Bobo, Jr.,<br><br>Defendant. | Case No. 23-cr-151 (SRN/TNL)<br><br>**ORDER** |

Theodore Harold Edward Bobo, Jr., Reg. No. 57305-510, FCI Butner Medium II, P.O. Box 1500, Butner, North Carolina 27509, pro se.

Esther Soria Mignanelli, Katharine T. Buzicky, Quinn Askew, and Thomas Calhoun-Lopez, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Theodore Harold Edward Bobo, Jr.'s Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 105], and on the Government's Motion to Dismiss Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. No. 114]. Based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court denies Mr. Bobo's motion to vacate on the merits, and grants the Government's motion to dismiss.

1

I. PROCEDURAL BACKGROUND

A. The Indictment and Pretrial Motions

Mr. Bobo was charged by a four-count federal indictment on April 26, 2023, with possession with intent to distribute cocaine (Count 1), unlawfully possessing a firearm as a felon (Counts 2 and 3), and possessing a firearm in furtherance of drug trafficking (Count 4). (Indictment [Doc. No. 1].)

On May 30, 2023, Mr. Bobo's counsel, attorney William J. Mauzy, filed a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1974), seeking to challenge the validity of two warrants authorizing a search that led to Mr. Bobo's federal indictment. (*Franks* Motion [Doc. No. 26].) On August 8, 2023, after both parties had fully briefed the *Franks* motion [Doc. Nos. 35, 38], Mr. Bobo filed a supplemental motion based on new information Mr. Mauzy had uncovered related to the affiant who had applied for both warrants. (Supplemental Motion [Doc. No. 40].) On that basis, Mr. Mauzy requested permission to question the affiant during a *Franks* hearing on that new information. (*Id.*)

Magistrate Judge Leung, in a text-only order, granted the supplemental motion in part, "in so far as the Defendant seeks to provide additional argument in support [of the *Franks* motion]," and otherwise denied the supplemental motion. (Aug. 9, 2023 Order [Doc. No. 41].) Following that order, the Government filed supplemental briefing in opposition to Mr. Bobo's request for a *Franks* hearing [Doc. No. 43], Mr. Bobo filed an affidavit from a forensics expert [Doc. No. 48], and Magistrate Judge Leung took the matter under advisement. (*See* Aug. 9, 2023 Order (explaining that the *Franks* motion would be deemed under advisement following a supplemental response from the government).)

2

On September 22, 2023, Magistrate Judge Leung denied Mr. Bobo's *Franks* motion. (Sept. 22, 2023 Order [Doc. No. 51].) In the order, Magistrate Judge Leung found that even setting aside all aspects of the warrants that Mr. Bobo challenged, sufficient probable cause would still support both warrants. (*Id*. at 25.) In response, Mr. Bobo filed a motion to reconsider Magistrate Judge Leung's order on the *Franks* motion [Doc. No. 57]. However, Mr. Bobo pleaded guilty before the Court entertained the pending motion for reconsideration.

### B.   The Guilty Plea and Sentencing

On October 24, 2023, Mr. Bobo pleaded guilty to Counts 1 and 4 of the Indictment. (Oct. 24, 2023 Minute Entry [Doc. No. 80].) During his change of plea hearing, the Court placed Mr. Bobo under oath, and discussed with him the effect of a guilty plea on his pretrial motions:

> THE COURT: Now, you also give up rights before trial. You give up rights, some of which you exercised in this case, to bring what we call pretrial motions. Those are challenges to the Government, if you will. They are written submissions to the Court in which you might argue that the Government didn't give you all the discovery you're entitled to or that law enforcement violated your -- your rights. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And those are handled by one of my colleagues on the bench, one of the Magistrate Judges who considers the motion, conducts a hearing, and rules on the motion. At such a hearing, you would be represented by your counsel. The Government would likely put witnesses on the stand, and your counsel could cross-examine those witnesses. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you have the right to present your own evidence and testify if you wish. Do you understand that?

>THE DEFENDANT: Yes.
>
>THE COURT: So just to be clear, by pleading guilty today, you give up any further right to bring those pretrial motions. Do you understand that?
>
>THE DEFENDANT: Yes.
>
>THE COURT: And you give up all the rights that we've just walked through. Do you understand that?
>
>THE DEFENDANT: Yes.

(Plea Hr'g Tr. [Doc. No. 100] at 10–11.)

Later, during the same hearing, Mr. Mauzy sought permission to make a record specifically relating to Mr. Bobo's motion for a *Franks* hearing. The Court permitted him to inquire, and he discussed with Mr. Bobo both the *Franks* motion and the effect of the guilty plea on it:

>MR. MAUZY: Mr. Bobo, you and I have discussed at length one of the issues in this case that has been the subject of motions and hearings; correct?
>
>THE DEFENDANT: Yes.
>
>MR. MAUZY: And that relates to the challenge of the two search warrants in this case?
>
>THE DEFENDANT: Yes.
>
>MR. MAUZY: All right. And you understand that you are giving up all further challenges to the search warrants?
>
>THE DEFENDANT: Yes.
>
>MR. MAUZY: Okay. You were arrested August 31st of 2021. There were two warrants at that time. One was a tracking warrant, which followed your phone around where you were located; correct?

4

THE DEFENDANT: Yes.

MR. MAUZY: And the second warrant for the search of a home on Newton Avenue in North Minneapolis where there was an allegation that you lived; correct?

THE DEFENDANT: Yes.

MR. MAUZY: When you were arrested, you were charged in state court; correct?

THE DEFENDANT: Yes.

MR. MAUZY: And you were appointed public defenders in state court and they challenged the warrant; correct?

THE DEFENDANT: Yes.

MR. MAUZY: They had a hearing in front of the Judge on February 3rd, 2023. On May 18th, 2023, you were to return to court for the Judge to announce how she was going to rule on the challenge to the search warrants?

THE DEFENDANT: Yes.

MR. MAUZY: On May 3rd, you were arrested on the Federal Court matter pursuant to Indictment; correct?

THE DEFENDANT: Yes.

MR. MAUZY: So you understand the state court challenge is over and done with?

THE DEFENDANT: Yes.

MR. MAUZY: And we have filed a similar motion in Federal Court. We had a motions hearing in front of Judge Leung on June 20th. He ruled against us on that issue. On the Franks hearing, the issues were whether or not the warrant was inaccurate or false, stating you were a fugitive when you weren't,

and that there was a warrant for your arrest when there wasn't, and that there was conflicting information concerning the cell site towers?

THE DEFENDANT: Yes.

MR. MAUZY: I'm not going to go into that in any further length, but do you understand that you are giving that challenge up completely?

THE DEFENDANT: Yes.

MR. MAUZY: And, in fact, we appealed Judge Leung's order to Judge Nelson, and you understand we'll never know how she would rule on that motion? Correct?

THE DEFENDANT: Yes.

MR. MAUZY: You've given that up?

THE DEFENDANT: Yes.

MR. MAUZY: Correct? So that's a dead issue?

THE DEFENDANT: Yes.

(*Id*. at 30–32.)

On February 8, 2024, the Court sentenced Mr. Bobo to an 84-month prison term, followed by a 5-year period of supervised release. (Sentencing J. [Doc. No. 103].) On March 20, 2024, Mr. Bobo filed the underlying § 2255 motion, wherein he alleges that Mr. Mauzy failed to provide him with the effective assistance of counsel regarding the issues pertaining to the request for a *Franks* hearing, and requests that the Court vacate his sentence.

6

## II. DISCUSSION

### A. The Law

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

While § 2255 generally affords relief, it is only available in limited circumstances. As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

The allegations contained in a § 2255 petition must be accepted as true "unless they are contradicted by the record, inherently incredibly, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 104 (8th Cir. 2012) (citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). The petitioner bears the burden of proof as to each ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citing *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969)).

7

### 1. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding, including when he enters a guilty plea." *Lee v. United States*, 582 U.S. 357, 364 (2017) (internal quotations omitted). To prevail on an ineffective assistance of counsel claim within the context of § 2255, a defendant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, the defendant must demonstrate (1) that counsel's performance was constitutionally deficient—meaning that it "fell below an objective standard of reasonableness"—and (2) that the defendant was prejudiced by the deficiency. *Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022) (quoting *Dat v. United States*, 920 F.3d 1192, 1192 (8th Cir. 2019)); *see Strickland*, 466 U.S. at 687 (1984)).

Judicial review of counsel's performance is "highly deferential," involving "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In analyzing counsel's performance, a defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id*. at 690.

In the context of ineffective assistance claims regarding guilty pleas, to satisfy a showing of prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014)). Courts "should not upset a guilty plea simply because of post hoc assertions from a defendant about how he would have

pleaded but for his attorney's deficiencies," and rather should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id*. at 1045 (citing *Lee*, 582 U.S. at 369).

### 2. Right to an Evidentiary Hearing

When a federal inmate files a motion to set aside a sentence under § 2255, the district court must grant an evidentiary hearing in order to determine the issues, except it need not do so in any case where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

A § 2255 motion may be denied without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014).

### B. Analysis

In this case, Mr. Bobo alleges that his counsel, Mr. Mauzy, relayed false information to him by informing him that his *Franks* motion had been denied in its entirety, and that he relied upon this information when he signed the plea agreement. Mr. Bobo directs the Court to Magistrate Judge Leung's August 9, 2023 text-only order granting in part and denying in part Mr. Bobo's supplemental motion in support of his *Franks* motion, as proof that his *Franks* motion was not fully denied. He alleges that he was manipulated and pressured by Mr. Mauzy to plead guilty, and that he accordingly was denied his constitutional right to the effective assistance of counsel.

Mr. Bobo's allegations are contradicted by the record in this case. His own statements made under oath during the change of plea hearing indicated that he understood that his *Franks* claim had been denied in full, that there was a pending motion to this Court to reconsider Magistrate Judge Leung's order, and that he was withdrawing that motion as a part of his decision to plead guilty. (Plea Hr'g Tr. at 10–11, 29–32.) In response to Mr. Mauzy's questions, Mr. Bobo agreed that they had thoroughly discussed the *Franks* motion, that Magistrate Judge Leung had ruled against them, that he had given up his right to pursue his motion for reconsideration, and that the issue was "dead." (*Id.* at 31–32.) These contradictions render his present allegations—that he was manipulated into accepting a plea deal through false and misleading statements about the status of his *Franks* motion—incredible. *See United States v. Greenwood*, 838 Fed. App'x. 205, 207 (8th Cir. 2021) (per curium) (finding that allegations directly contradicted by statements made under oath at a change of plea hearing are not credible).

Because Mr. Bobo's allegations are directly contradicted by the record in this case, including by his sworn statements at the change of plea hearing, the Court finds that the record conclusively shows he is entitled to no relief. Accordingly, there is no need for an evidentiary hearing. *See Gipson v. Lockhart*, 692 F.2d 66, 68 (8th Cir. 1982) ("An evidentiary hearing is particularly unnecessary where the petitioner's subsequent, conclusory and unsupported allegations contradict his prior statements made under oath.").

### III. CERTIFICATE OF APPEALABILITY

A § 2255 petitioner cannot appeal an adverse ruling on the petition unless he is granted a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P.

10

22(b)(1). A certificate of appealability may not be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where there is no merit to the substantive constitutional claim underlying a § 2255 petition, a certificate of appealability should not be issued. *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Court finds that Mr. Bobo's constitutional claim of ineffective assistance of counsel has no merit. Accordingly, he is not entitled to a certificate of appealability.

### IV.   ORDER

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Dismiss Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. No. 114] is hereby **GRANTED**;

2. Mr. Bobo's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 105] is hereby **DENIED**; and

3. The Court declines to issue a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 1, 2024                                         /s/ Susan Richard Nelson
                                                            SUSAN RICHARD NELSON
                                                            United States District Judge